## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

MARIO CAYETANO CASTANEDA,

      Plaintiff,

v.                                                                    Case No. 20-2348

SAKURA OF MEMPHIS, LLC,
VICTOR WEI CHIN, and BENNY LEUNG,

      Defendants.

## COMPLAINT UNDER THE FLSA

Plaintiff Mario Cayetano Castaneda files this Complaint against Defendants Sakura of Memphis, LLC, Victor Wei Chin, and Benny Leung under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation.

### I. JURISDICTION

1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

2.      Plaintiff Mario Cayetano Castaneda is an adult resident of Memphis, Tennessee. Plaintiff has been employed by and worked for Defendants as a cook from approximately July 10, 2017 until February 1, 2020. At all relevant times, Mr. Cayetano Castaneda was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

3.      Defendant Sakura of Memphis, LLC ("Sakura") is a limited liability corporation formed and organized under Tennessee state law and currently conducting business as a

restaurant at 4840 Poplar Ave., Memphis, TN 38117.

4.      At all relevant times herein, Defendant Sakura was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.      Defendant Sakura is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6.      Defendant Sakura is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.  Specifically, Sakura is a Japanese Restaurant and has annual sales of not less than $500,000.

7.      Defendant Victor Wei Chin is the owner and manager of Defendant Sakura, and at all times herein, Defendant Chin has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant Sakura in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime rate.  Defendant Chen is believed to be a resident of Cordova, Tennessee.

8.      Defendant Benny Leung is the co-owner and manager of Defendant Sakura, and at all times herein, Defendant Leung has been the employer of Plaintiff under the meaning of 29

U.S.C. § 203(d) since he has acted directly in the interest of Defendant Sakura in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime rate.  Defendant Leung is believed to be a resident of Memphis, Tennessee.

9.      Defendants hired Plaintiff to work as a cook at Sakura, located at 4840 Poplar Ave., Memphis, TN 38117, during the applicable statutory period.

10.     Defendants paid Plaintiff $2,820 per month.  Specifically, Defendants paid Plaintiff $1300 in cash around the middle of each month and $1,520 in a check at the end of each month.

11.     Plaintiff regularly worked more than sixty (60) hours per week.  His typical weekly schedule consisted of the following:  Tuesday–Thursday 9:30 a.m.-2:00 p.m./4:30 p.m.-9:30 p.m.; Friday 9:30 a.m.-2:00 p.m./4:30 p.m.-10:00 p.m.; Saturday-Sunday 11:00 a.m.-10:00 p.m.

12.     The FLSA requires covered employers, such as Defendants, to compensate all all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

13.     Defendants failed to compensate Plaintiff as his applicable overtime rate and instead paid him as a salaried employee.

14.     The exact amounts of unpaid overtime compensation owed to Plaintiff are not presently known but will be determined through discovery.  At this juncture, Plaintiff estimates that he was deprived of overtime compensation during the applicable statutory period in the amount of approximately $17,000.00.

15.     As a result of their actions and the conduct described above, Defendants have

violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 207(a)(1).  Thus, Plaintiff suffered a loss of wages.

16.     Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

17.     Thus, the foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### III. COUNT I

**FEDERAL OVERTIME VIOLATIONS**
**(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

18.     Plaintiff re-alleges and incorproates by reference the above paragraphs as if fully set forth herein.

19.     The FLSA requries covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a work week.  29 U.S.C. § 207.

20.     During the applicable statutory period, Defendants failed to pay Plaintiff for all overtime hours and at the proper overtime rate as required by the FLSA.

21.     Defendants have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff.

22.     Defendants' willful failure and refusal to pay Plaintiff's overtime wages for time worked violates the FLSA.  29 U.S.C. § 207.

23.     As a direct and proximate result of these unlawful practices, Plaintiff suffered

wage loss and is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of his claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

24.     Judgment against Defendants for an amount equal to unpaid back wages at the applicable overtime rates;

25.     Judgment against Defendants that their violations of the FLSA were willful;

26.     An equal amount to the overtime damages as liquidated damages;

27.     All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

28.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

29.     Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

30.     An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

31.     For all such further relief as the Court deems just and equitable

Respectfully submitted,


<u>/s/Bryce W. Ashby</u>
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF